[Cite as *State v. Bowling*, 2015-Ohio-3123.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Respondent-Appellant, | : | |
| | : | No. 15AP-36 |
| v. | : | (C.P.C. No. 09MS-323) |
| Charles R. Bowling, | : | (ACCELERATED CALENDAR) |
| Petitioner-Appellee. | : | |

D E C I S I O N

Rendered on August 4, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Respondent-appellant, State of Ohio, appeals from a final judgment of the Franklin County Court of Common Pleas that granted petitioner-appellee, Charles R. Bowling's, petition to contest reclassification of his status in Ohio as an offender under Florida's criminal code concerning one or more sexually oriented crimes committed and adjudicated in Florida. We conclude that the trial court correctly vacated the reclassification imposed on Bowling by the Ohio Attorney General and the State of Ohio, reinstating for purposes of Ohio law the classification of sexually oriented offender as to his previous crimes. The judgment of the trial court is affirmed.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 8, 1997, Bowling was convicted of attempted capital battery in Florida.  On his relocation to Ohio, he registered as a sexually oriented offender and, after the passage of S.B. No. 10, the Adam Walsh Act ("AWA"), he became aware that he had been reclassified as a Tier III sex offender.  He filed a petition contesting the reclassification on May 19, 2009.  He also moved to stay enforcement of community notification.

{¶ 3}   On May 27, 2009, the state filed a motion for leave to file a memorandum opposing the petition.  While the trial court did not issue a ruling on the motion for leave, Bowling filed a response to the state's included memorandum.  Though a hearing date was set for August 7, 2009, the record contains no indication that any hearing transpired.  On January 9, 2015, the trial court entered an order granting Bowling's petition to contest the reclassification, reinstating his original classification upon moving to Ohio of sexually oriented offender, along with the previous registration orders.  The court stated: "The requirements imposed upon [Bowling] by the Adam Walsh Act are a nullity."

## II. ASSIGNMENT OF ERROR

{¶ 4}   The state appeals with the following assignment of error:

> THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF THAT REINSTATED PETITIONER AS A SEXUALLY ORIENTED OFFENDER WHEN OHIO LAW PROVIDED THAT PETITIONER IS TREATED AS A SEXUAL PREDATOR UNDER MEGAN'S LAW.

## III.  DISCUSSION

{¶ 5}   The state maintains that the trial court had no grounds to reinstate Bowling's classification as a sexually oriented offender under the argument that Bowling qualified as a sexual predator under Megan's Law before the enactment of the AWA.  Megan's Law required persons convicted of certain listed "sexually oriented offenses" to register their address and annually verify it for ten years. *See* former R.C. 2950.04 through 2950.07.  Those determined to be habitual sex offenders had a 20-year registration period (increased to lifetime in 2003).  *See* former R.C. 2950.09.  Those found to be sexual predators were required to register for life with quarterly verification.

Sexual predators were subject to community notification, while habitual sex offenders were subject to such notification if the court ordered it. *See* former R.C. 2950.11.

{¶ 6} Former R.C. 2950.01(D)(6) provided that out-of-state offenders would be treated as sexually oriented offenders if any out-of-state offense of which they were convicted was substantially equivalent to a sexually oriented offense in Ohio. An offender residing in Ohio on or after July 1, 1997 was required to register if the jurisdiction in which he was convicted required it. *See* former R.C. 2950.04(A)(4) (effective March 30, 1999). If such an offender completed a term of imprisonment or detention after July 1, 1997, he was required to register regardless of any duty to register in another state. *See* former R.C. 2950.04(A)(5) (effective March 30, 1999). A later amendment created a presumption that the offender was a sexual predator where the state of conviction required lifetime registration. *See* former R.C. 2950.01(G)(5) (effective July 31, 2003).

{¶ 7} The Florida entry on which the state relies is a pre-printed form with the words "sexual predator" handwritten. The record does not bear any indication that this form, which the state relies on in making its arguments, is certified as a true and accurate copy from the records of the state of Florida. No formal or certified adjudication document has been submitted to support the state's claim that Bowling was determined by Florida to be a sexual predator. Nor does the Ohio statute, R.C. 2950.031(E), authorize the trial court or us to interpret Florida (or any other state) law for purposes of determining whether the original classification applied by Ohio is correct. The statute authorizes only a determination of whether the new Ohio "Tier" classification applies to the offender.

> If at the conclusion of the hearing the court finds that the offender or delinquent child has proven by clear and convincing evidence that the new registration requirements do not apply to the offender or delinquent child, the court shall issue an order that specifies that the new registration requirements do not apply to the offender or delinquent child. The court promptly shall serve a copy of an order issued under this division upon the sheriff with whom the offender or delinquent child most recently registered under section 2950.04, 2950.041, or 2950.05 of the Revised Code and upon the bureau of criminal identification and investigation.

R.C. 2950.031(E).

{¶ 8} The trial court issued no ruling on the state's motion for leave to file a memorandum opposing Bowling's petition to contest his reclassification as a sexual predator. We therefore presume that the trial court denied the motion. *Seff v. Davis*, 10th Dist. No. 03AP-159, 2003-Ohio-7029, ¶ 16.

{¶ 9} Under *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the appropriate remedy for those individuals who have been convicted of sex offenses and who have been reclassified under the AWA Tier classification scheme, is petitioning for reinstatement of their prior classification under Megan's Law. In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 21, the Supreme Court of Ohio decided that imposing current registration requirements on a sex offender whose crime was committed prior to the enactment of S.B. No. 10 is punitive. Therefore, the AWA, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.*; *State v. Smith*, 10th Dist. No. 11AP-6, 2012-Ohio-465, ¶ 13.

{¶ 10} Under *Bodyke* and *Williams*, Bowling was entitled to have his pre-AWA classification as a sexually oriented offender reinstated. Bowling's petition was not a vehicle for the state to challenge his original classification. R.C. 2950.031(E). We overrule the state's assignment of error.

## IV. CONCLUSION

{¶ 11} Having overruled the state's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

————————————