[Cite as *State v. Chapman*, 2015-Ohio-4042.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Respondent-Appellant, | : | |
| | : | No. 15AP-70 |
| v. | : | (C.P.C. No. 09MS06-392) |
| Crosby M. Chapman, | : | (ACCELERATED CALENDAR) |
| Petitioner-Appellee. | : | |

---

D E C I S I O N

Rendered on September 30, 2015

---

*Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas.

KLATT, J.

{¶ 1} Respondent-appellant, the state of Ohio, appeals a judgment of the Franklin County Court of Common Pleas that vacated the classification of petitioner-appellee, Crosby Chapman, as a Tier III sex offender and reinstated Chapman's classification as a sexually oriented offender. For the following reasons, we affirm the judgment.

{¶ 2} In 1996, the Thirteenth Judicial Circuit Court of Florida revoked the probation that it had granted Chapman after his conviction for four counts of engaging in a sexual act with a child. The court sentenced Chapman to a 20-year term of imprisonment.

{¶ 3} After Chapman was released from prison, he moved to Franklin County. At that time, sex offenders had to comply with Ohio's version of Megan's Law, which

mandated sex offender classification, registration, and, in certain instances, community notification.[1] Under Megan's Law, each sex offender was classified as either a sexually oriented offender, habitual sex offender, or sexual predator. Megan's Law imposed specific requirements which varied according to the offender's classification. Upon Chapman's arrival in Franklin County, he registered with the Franklin County Sheriff as a sexually oriented offender.

{¶ 4} In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("AWA"), which repealed Megan's Law and, in its place, adopted Ohio's version of the federal Adam Walsh Child Protection and Safety Act, 42 U.S.C. 16901 et seq. Under the AWA, sex offenders are classified as Tier I, II, or III offenders. Like the Megan's Law classifications, each AWA classification carries with it certain requirements. In general, the AWA imposes more onerous registration burdens and expands the community-notification requirements.

{¶ 5} Two sections of the AWA directed the attorney general to reclassify existing sex offenders based on their offense. R.C. 2950.031; 2950.032. The attorney general reclassified Chapman as a Tier III sex offender. Pursuant to R.C. 2950.031(E), Chapman contested his reclassification and challenged the constitutionality of the AWA as applied to him.

{¶ 6} While Chapman's petition was pending, the Supreme Court of Ohio decided *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, in which the court (1) held that the reclassifications of sex offenders by the attorney general were invalid, (2) struck R.C. 2950.031 and 2950.032 from the AWA, and (3) reinstated the prior classifications of sex offenders. *Bodyke* at ¶ 2. The Supreme Court of Ohio subsequently held that the AWA, as applied to defendants who committed sex offenses prior to its enactment, vi0lated the constitutional prohibition against retroactive laws. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, syllabus.

{¶ 7} In a judgment dated January 27, 2015, the trial court granted Chapman's petition contesting his reclassification. Based on *Bodyke* and *Williams*, the trial court vacated Chapman's reclassification and reinstated Chapman's classification as a sexually

---

[1] The General Assembly originally adopted Ohio's version of Megan's Law in 1996. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560. In 2003, the General Assembly significantly modified Megan's Law. Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6558.

oriented offender. The state now appeals the January 27, 2015 judgment, and it assigns the following errors:

### FIRST ASSIGNMENT OF ERROR

THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF THAT REINSTATED PETITIONER AS A SEXUALLY ORIENTED OFFENDER WHEN OHIO LAW PROVIDED THAT PETITIONER IS TREATED AS A SEXUAL PREDATOR UNDER MEGAN'S LAW.

### SECOND ASSIGNMENT OF ERROR

THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF WITHOUT HOLDING THE HEARING REQUIRED BY R.C. 2950.031(E).

{¶ 8} By its first assignment of error, the state argues that the trial court erred by not reassessing Chapman's classification under Megan's Law and determining that Chapman is actually a sexual predator, and not a sexually oriented offender. We disagree.

{¶ 9} Since the issuance of *Bodyke*, we have repeatedly recognized that petitioners under R.C. 2950.031(E) are entitled to orders directing their return to their previous classifications. *Cook v. Ohio*, 192 Ohio App.3d 674, 2011-Ohio-906, ¶ 9 (10th Dist.); *Hosom v. State*, 10th Dist. No. 10AP-671, 2011-Ohio-1494, ¶ 8. Chapman was previously classified as a sexually oriented offender. The current action is not a vehicle for the state to challenge that classification. *State v. Bowling*, 10th Dist. No. 15AP-36, 2015-Ohio-3123, ¶ 10. Accordingly, we conclude that the trial court did not err in reinstating Chapman as a sexually oriented offender, and we overrule the first assignment of error.

{¶ 10} By its second assignment of error, the state argues that the trial court erred in not holding a hearing before ruling on Chapman's petition. While we agree that the trial court erred as alleged, we conclude that the error was harmless error.

{¶ 11} R.C. 2950.031(E) allows a sex offender reclassified by the attorney general to "request as a matter of right a court hearing to contest the application" of the AWA to the offender. The offender must serve a copy of his or her petition on the county prosecutor, who represents the interests of the state. "[A]t the hearing, all parties are entitled to be heard, and the court shall consider all relevant information and testimony presented relative to the application" of the AWA to the offender. *Id.* "If at the conclusion

of the hearing the court finds that the offender * * * has proven by clear and convincing evidence that the [AWA] do[es] not apply to the offender * * *, the court shall issue an order that specifies that the [AWA] do[es] not apply to the offender." *Id.*

{¶ 12} The state has complained of the failure to hold an R.C. 2950.031(E) hearing in previous cases. In those cases, we declined to rule on the state's argument because *Bodyke* had severed R.C. 2950.031 from the remainder of the AWA, thus mooting any issues related to the petition process. *State v. Cundiff*, 10th Dist. No. 10AP-672, 2011-Ohio-4919, ¶ 15; *Jackson v. State*, 10th Dist. No. 10AP-644, 2011-Ohio-2047, ¶ 14; *Hosom* at ¶ 10-11. However, in *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, the Supreme Court of Ohio held that *Bodyke*'s severance of the unconstitutional reclassification process did not invalidate the R.C. 2950.031(E) petition process. *Palmer* at ¶ 2, 17. Given this holding, the state's argument is no longer moot, and we must resolve it.

{¶ 13} We agree with the state that the plain language of R.C. 2950.031(E) requires the trial court to hold a hearing on a timely filed petition. *In re D.L.W.*, 8th Dist. No. 94232, 2010-Ohio-2486, ¶ 6; *State v. Rodgers*, 5th Dist. No. 2009-CA-00177, 2010-Ohio-140, ¶ 23. That hearing, however, may focus on just one issue: whether the AWA applies to the petitioner.[2] *Bowling*, 2015-Ohio-3123, at ¶ 7. Here, the state concedes that Megan's Law, not the AWA, applies to Chapman. Because the state concedes the sole issue the hearing could address, the lack of a hearing does not prejudice the state. If error is not prejudicial, it does not affect substantial rights, so it may be disregarded. *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, ¶ 36. We, thus, overrule the state's second assignment of error.

{¶ 14} For the foregoing reasons, we overrule the state's two assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

---

[2] Originally, R.C. 2950.031(E) also allowed sex offenders to challenge the manner in which the attorney general reclassified them under the AWA. Because none of the attorney general's reclassifications survived *Bodyke* and *Williams*, the particular tier in which the attorney general placed the petitioners no longer matters. The only available relief still relevant is a determination that the AWA does not apply to the petitioner.