[Cite as *Hawkins v. State*, 2016-Ohio-8016.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tayrone L. Hawkins,                    :

        Petitioner-Appellee,         :

                                     No. 15AP-979

v.                                     :        (C.P.C. No. 08MS-45)

State of Ohio,                         :        (REGULAR CALENDAR)

        Respondent-Appellant.        :

---

D E C I S I O N

Rendered on December 6, 2016

---

**On brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellee.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Petitioner-appellee, Tayrone L. Hawkins ("Hawkins"), filed a petition under R.C. 2950.031(E) to contest his sex offender classification in the Franklin County Court of Common Pleas. After the trial court granted Hawkins the relief he sought, the state appealed. For the following reasons, we find that the trial court's entry exceeded the scope of relief allowed by the statute and therefore reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Hawkins was convicted of assault with intent to commit rape under Cal.Penal Code 220 on June 22, 1989, in the Superior Court of the State of California, San Diego County. He was given a 4-year sentence, but was initially placed on probation. After probation was revoked, the sentence was imposed on May 18, 1990. Because Hawkins was given 321 days of credit for previous time in custody, his sentence roughly ended around

July 1, 1993. (June 22, 1989 Information Summ. and May 23, 1990 Abstract of Jgmt., attached to Jan. 28, 2008 Pl.'s Mot. for Leave to File Memo. and Memo. Opposing Petition Contesting Reclassification.)

{¶ 3} By 2008, Hawkins was living in Franklin County, Ohio.[1] (Jan. 4, 2008 Petition to Contest Reclassification, hereinafter "Petition.") On January 3, 2008, the Franklin County Sheriff sent Hawkins a notification that he had been classified as a Tier III sex offender under the revised version of Ohio's sex offender registration and notification law, the Adam Walsh Act ("AWA"), which subjected him to a lifetime registration requirement. (Petition.)

{¶ 4} On January 4, 2008, Hawkins filed a petition under R.C. 2950.031(E) in the Franklin County Court of Common Pleas, invoking the statutory process for contesting his classification as a Tier III sex offender under the AWA. (Petition.)

{¶ 5} The trial court originally scheduled a hearing for February 22, 2008, but stayed the matter a number of times until finally ruling on the motion on May 29, 2012. In the entry granting Hawkins the relief he requested, the trial court stated the following:

> For good cause shown, the Court hereby GRANTS Defendant-Petitioner's relief requested in his PETITION TO CONTEST RECLASSIFICATION and declares that Defendant-Petitioner is not subject to Revised Code Chapter 2950 based on his 1989 conviction. Furthermore, the defendant is not under any statutory duty to verify his current address or to register as required by R.C. 2950.04 through 2950.06. It is hereby ordered that Defendant-Petitioner's name be removed from all sexually oriented lists maintained pursuant to Revised Code Chapter 2950 by the local or state agencies.

(May 29, 2012 Entry.)

{¶ 6} The state now appeals, asserting three assignments of error:

> [I.] THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF IN THIS PETITION-CONTEST PROCEEDING THAT WENT BEYOND VACATING THE TIER III CLASSIFICATION IMPOSED BY THE ADAM WALSH ACT.
>
> [II.] THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF THAT PURPORTED TO EXEMPT PETITIONER

---

[1] The exact date that Hawkins moved to Ohio is unknown. On January 4, 2008, the date that he filed the Petition, he stated that he "now resides in Franklin County," where he "registers as a sexually oriented offender" with the Franklin County Sheriff. (Petition at ¶ 2.)

FROM ANY REGISTRATION REQUIREMENT, AS THE RECORD DID NOT CLEARLY AND CONVINCINGLY SUPPORT SUCH A CONCLUSION.

[III.] THE COMMON PLEAS COURT ERRED IN GRANTING RELIEF WITHOUT HOLDING THE HEARING REQUIRED BY R.C. 2950.031(E).

{¶ 7} After the parties filed their briefs on the merits, Hawkins filed motions in this court on February 19 and March 14, 2016: a motion to dismiss the appeal on grounds of res judicata, and a "MOTION TO TAKE JUDICIAL NOTICE AND SUPPLEMENT RECORD ON APPEAL."

## II. ANALYSIS

{¶ 8} After a brief discussion of the background of Ohio's sex offender registry and notification law, we will discuss the assignments of error in turn and then rule on the motions Hawkins has filed.

{¶ 9} In 1996, the General Assembly "created Ohio's first comprehensive registration and classification system for sex offenders" with the passage of Am.Sub.H.B. No. 180, commonly known as Megan's Law. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 7. "Under Megan's Law, sex offenders fell into one of three classifications, sexually oriented offenders, habitual sexual offenders, or sexual predators, based upon the crime committed and the findings made by the trial court at a sexual-classification hearing." *State v. Hazlett*, 191 Ohio App.3d 105, 2010-Ohio-6119, ¶ 3 (10th Dist.).

{¶ 10} In 2007, Megan's Law was replaced with the AWA, 2007 Am.Sub.S.B. No. 10, which set forth a "tier system" that automatically classified sex offenders according to their crime. *Bodyke* at ¶ 20. As originally enacted, the AWA included an automatic reclassification scheme that would have retroactively applied to offenders previously classified under Megan's Law. *See* R.C. 2950.031. The scheme required the attorney general to "determine for each offender" what "new classification" under the AWA's tier system applied to each offender that had previously been classified under Megan's Law. R.C. 2950.031(A)(1). After the reclassification, the attorney general was to notify the offender of the new classification by registered mail. R.C. 2950.031(A)(2).

{¶ 11} The AWA also included a process for offenders to file a petition challenging the attorney general's reclassification:

> An offender or delinquent child who is in a category described in division (A)(2) or (B) of this section may request as a matter of right a court hearing to contest the application to the offender or delinquent child of the new registration requirements under Chapter 2950 of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008. The offender or delinquent child may contest the manner in which the letter sent to the offender or delinquent child pursuant to division (A) or (B) of this section specifies that the new registration requirements apply to the offender or delinquent child or may contest whether those new registration requirements apply at all to the offender or delinquent child. To request the hearing, the offender or delinquent child not later than the date that is sixty days after the offender or delinquent child received the registered letter sent by the attorney general pursuant to division (A)(2) of this section shall file a petition with the court specified in this division.
>
> * * *
>
> If at the conclusion of the hearing the court finds that the offender or delinquent child has proven by clear and convincing evidence that the new registration requirements do not apply to the offender or delinquent child, the court shall issue an order that specifies that the new registration requirements do not apply to the offender or delinquent child.

R.C. 2950.031(E).

{¶ 12} After the passage of the AWA, the Supreme Court of Ohio held that its reclassification provision violated the separation-of-powers doctrine because it "vest[ed] the executive branch with authority to review judicial decisions, and it interfere[d] with the judicial power by requiring the reopening of final judgments" that had previously classified offenders under Megan's Law. *Bodyke* at ¶ 55. In a subsequent decision, the court held that application of the AWA to defendants who had committed offenses before its enactment violated the prohibition on passing retroactive laws in Article II, Section 28, of the Ohio Constitution. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, paragraph one of the syllabus.

## III. FIRST ASSIGNMENT OF ERROR

{¶ 13} Citing *State v. Bowling*, 10th Dist. No. 15AP-36, 2015-Ohio-3123, and *State v. Chapman*, 10th Dist. No. 15AP-70, 2015-Ohio-4042, the state argues that the relief

granted by the trial court exceeded the "narrow relief" that a petition-contest proceeding under R.C. 2950.031(E) allows. (Appellant's Brief at 6.) The state argues that the trial court went beyond the limited statutory authority for reclassification when it declared that Hawkins was not under *any* statutory duty to register. Under *Bowling* and *Chapman*, the state argues the only relief allowed by R.C. 2950.031(E) is a declaration stating whether the AWA applies to the petitioner.

{¶ 14} Hawkins' only response to the state's first assignment of error is to assert that he is not subject to classification as a Tier III sex offender under the AWA because such retroactive application is void as a matter of law under *Williams*. (Appellee's Brief at 5-8.) However, the state concedes that the trial court "correctly overturned the Tier III AWA classification," as *Williams* prevents Hawkins from being subject to a classification created by the newer law. (Reply Brief at 1.) Hawkins' response does not address the state's argument that the trial court's entry exceeded the scope of relief allowed under *Bowling* and *Chapman.*

{¶ 15} In *Bowling*, an out-of-state offender moved to Ohio and registered as a "sexually oriented offender" under Megan's Law. *Bowling* at ¶ 2. After passage of the AWA and notification that he had been reclassified as a Tier III sex offender, the offender filed a petition under R.C. 2950.031(E) to contest the reclassification. *Id.* The trial court granted the petition, reinstated the offender's classification as a "sexually oriented offender," and declared that the requirements imposed upon the offender by the AWA were "a nullity." *Id.* at ¶ 3. The state appealed, arguing that because the offender had actually been classified a "sexual predator" by another state, the trial court erred by reinstating the classification of the offender as a "sexually oriented offender" under Megan's Law rather than a "sexual predator." *Id.* at ¶ 5.

{¶ 16} We rejected the state's attempt to use the R.C. 2950.031(E) petition proceeding as "a vehicle for the state to challenge [the offender's] original classification" under Megan's Law. *Bowling* at ¶ 10. We observed that R.C. 2950.031(E) does not "authorize the trial court or [a court of appeals] to interpret Florida (or any other state) law for purposes of determining whether the original classification applied by Ohio is correct." *Id.* at ¶ 7. Rather, "the statute authorizes only a determination of whether the new Ohio 'Tier' classification [under the AWA] applies to the offender." *Id.* Accordingly,

we affirmed the trial court's restoration of the offender to his prior Megan's Law classification as a "sexually oriented offender." *Id.* at ¶ 11.

{¶ 17} *Chapman* also involved an out-of-state offender who moved to Ohio, registered as a sexually oriented offender under Megan's Law, and filed a petition under R.C. 2950.031(E) to contest a subsequent reclassification under the AWA. *Chapman* at ¶ 1-5. Applying *Bowling* and *Bodyke*, we again rejected the state's argument that the trial court should instead have reclassified the offender as a "sexual predator" under Megan's Law, as the petition process is not an opportunity to litigate a pre-AWA classification. *Id.* at ¶ 9.

{¶ 18} The facts of this case are nearly identical to *Bowling* and *Chapman*. Hawkins committed an offense in another state, moved to Ohio, registered as a sexually oriented offender under Megan's Law, and subsequently challenged his AWA reclassification by filing a petition under R.C. 2950.031(E). Like those offenders, Hawkins is entitled to the remedy allowed by the statute: a declaration that the AWA does not apply to him and reinstatement of his previous classification.

{¶ 19} However, in a petition proceeding under R.C. 2950.031(E), Hawkins is not entitled to a declaration that he has no duty to register, or an order declaring his name be removed from any sex offender registry maintained by state or local authorities.[2] The language employed by the trial court is broad enough to suggest that it applies to both Hawkins' classification under the AWA as well as his status as a "sexually oriented offender" under Megan's Law, and that he is free from any duty or obligation under either law. As *Bowling* and *Chapman* make clear, such a determination is outside the bounds of a permissible inquiry under R.C. 2950.031(E). Thus, the trial court erred insofar as its entry can be read as a determination that no Megan's Law classification applies to Hawkins. Accordingly, we sustain the first assignment of error, reverse and remand with instructions to the trial court to vacate the entry and conform any declaratory ruling on

---

[2] The fact that Hawkins may not litigate his status under Megan's Law with a petition for reclassification under R.C. 2950.031(E) does not foreclose him from seeking broader relief in another proceeding. *See, e.g., State v. King*, 1st Dist. No. C-140534, 2015-Ohio-3565 (reversing convictions for failing to register as a sex offender under former R.C. 2950.04 and allowing defendant to withdraw guilty pleas under Crim.R. 32.1 where defendant did "not have a duty to register in Ohio as a sex offender [under Megan's Law] and thus could not have been convicted of violating that duty").

Hawkins' petition to the scope of relief allowed by R.C. 2950.031(E), as described in *Bodyke*, *Chapman*, and *Bowling.*

## IV. SECOND ASSIGNMENT OF ERROR

{¶ 20} In the second assignment of error, the state asserts that the trial court "erred in granting relief that purported to exempt petitioner from any registration requirement, as the record did not clearly and convincingly support such a conclusion." (Appellant's Brief at 14.) As discussed in the first assignment of error, the trial court erred insofar as its entry can be read as a determination that no Megan's Law classification applies to Hawkins. Under *Bowling* and *Chapman*, the trial court did not have the authority to declare that Hawkins was not subject to any registration requirement when granting his R.C. 2950.031(E) petition, as this language suggests that the trial court considered Hawkins' registration obligations under both Megan's Law and the AWA. Insofar as the state's second assignment of error challenges the evidentiary support for the trial court's determination of Hawkins' status under Megan's Law, the issue is rendered moot by the resolution of the first assignment of error, as we have reversed the trial court and it must vacate the entry in question. We, therefore, overrule the second assignment of error as moot.

## V. THIRD ASSIGNMENT OF ERROR

{¶ 21} In its third assignment of error, the state argues that it was error for the trial court to grant Hawkins relief without holding the hearing required by R.C. 2950.031(E), asserting that a hearing is "mandatory." (Appellant's Brief at 29.)

{¶ 22} We have previously rejected the state's attempts to characterize a hearing on an R.C. 2950.031(E) petition as mandatory. *Jackson v. State*, 10th Dist. No. 10AP-644, 2011-Ohio-2047, ¶ 14 (holding that the state is not "entitled to a statutorily-mandated hearing to present various arguments" on an R.C. 2950.031(E) petition, only the petitioner); *Hosom v. State*, 10th Dist. No. 10AP-671, 2011-Ohio-1494, ¶ 11 (holding that because of *Bodyke*'s severance of R.C. 2950.031 "any issues relating to that petition process, including whether the statute provides the state with the same right to a hearing as a petitioner, no longer constitute any justiciable controversy and are therefore moot"). The trial court is only required to hold a hearing on an R.C. 2950.031(E) petition if it is going to deny the petitioner the relief he seeks.

{¶ 23} Furthermore, where the state admits that the AWA does not apply to the petitioner, as it does here, it is not prejudiced by the trial court's failure to hold a hearing because that is "the sole issue the hearing could address." *Chapman* at ¶ 13 (holding that the lack of a hearing on an R.C. 2950.031(E) petition does not prejudice the state where it concedes that the AWA does not apply to the petitioner). Accordingly, the third assignment of error is overruled.

## VI. HAWKINS' MOTION TO DISMISS AND MOTION TO SUPPLEMENT THE RECORD

{¶ 24} Hawkins has filed a motion to dismiss this appeal, in which he asserts that the state's appeal is barred by the doctrines of res judicata and issue preclusion. He argues that the trial court declared, in an April 19, 2012 entry dismissing charges brought against him under R.C. 2950.05 for failing to provide a change of address, that he had no duty to register as a sex offender under R.C. Chapter 2950, and that the state never appealed from that determination. Hawkins has also filed a motion to supplement the record on appeal, requesting that this court take judicial notice of that case.

{¶ 25} We denied Hawkins' motion to dismiss the appeal, noting that res judicata does not bar the state from appealing. (Mar. 9, 2016 Journal Entry.) Accordingly, we deny the "MOTION TO TAKE JUDICIAL NOTICE AND SUPPLEMENT RECORD ON APPEAL."

## VII. CONCLUSION

{¶ 26} For the foregoing reasons, we sustain the first assignment of error, overrule the second assignment of error as moot, and overrule the third assignment of error. Hawkins motions to take judicial notice and to supplement the record are denied. We reverse the trial court and remand with instructions to vacate the entry granting Hawkins' petition, and to conform any future relief granted under R.C. 2950.031(E) to the scope defined by the Supreme Court of Ohio in *Bodyke*, as well as this court in *Chapman* and *Bowling*.

*Motion to take judicial notice and supplement the record denied; judgment reversed; case remanded.*

DORRIAN, P.J. and TYACK, J., concur.

_____