[Cite as *State v. Todd*, 2025-Ohio-5483.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-381<br>(C.P.C. No. 97CR-6191) |
| v. | : | (REGULAR CALENDAR) |
| Casey A. Todd, | : | No. 24AP-383<br>(C.P.C. No. 98CR-0033) |
| Defendant-Appellant. | : | |
| | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on December 9, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert* for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Robert D. Essex* for appellant. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Casey A. Todd, appeals from the May 20, 2024 judgment of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, the State of Ohio, for a final appealable order journalizing the trial court's 1999 finding that Mr. Todd, as stipulated by the parties and independently determined by the original sentencing court, is designated as a sexual predator under Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, which was the sexual offender registry notification law in effect at that time. *See* Former R.C. 2950.09. For the reasons that follow, we affirm the judgment below.

## I.  FACTS AND PROCEDURAL OVERVIEW

{¶ 2}  In 1997 and 1998, Mr. Todd was indicted with numerous sexually oriented felony offenses involving multiple minors in two different cases.  In case No. 97CR-6191, Mr. Todd was charged with one count of unlawful conduct with a minor and seven counts of rape, with six of the charged rape counts carrying sexually violent predator specifications under R.C. 2941.148.  In case No. 98CR-0033, Mr. Todd was charged with fourteen counts of rape, eight of which were charged with sexually violent predator specifications.

{¶ 3}  We need not belabor the nature of these offenses, as it is not relevant to the issue before us in this case.  Suffice it to say that the facts supporting these charges involved sexual acts by force or threat of force on a victim aged 3 to 13 in the 1997 case and sexual acts involving a minor who was 6 and 7 years old in the 1998 case.

{¶ 4}  On July 12, 1999, Mr. Todd entered into plea agreements with the state to resolve the charges.  Mr. Todd entered a negotiated plea of guilty to two counts of rape involving a minor victim (without the charged sexually violent predator specifications), felonies of the first degree, and a lesser-included offense of gross sexual imposition, a felony of the third degree.  (*See* July 12, 1999 Tr. at 2-6.)  Regarding both of the rape counts, the prosecuting attorney conveyed to the court that "the parties stipulate that [Mr. Todd] will be found a sexual predator for the purpose of [former R.C.] 2950.09, which would require lifetime registration and notification for the defendant."  (Tr. at 4-6.)

{¶ 5}  The trial court accepted Mr. Todd's guilty plea and proceeded to sentencing.  After imposing the jointly recommended sentence, the trial court found Mr. Todd to be a sexual predator.  (*See* Tr. at 41-43.)  However, it failed to journalize this finding in its July 14, 1999 judgment entries memorializing the sentence imposed in each case.

{¶ 6}  This deficiency was not corrected before Mr. Todd was released from prison in 2007.  At issue is the procedural mechanism through which Mr. Todd could be classified as a sexual predator under Megan's Law long after his release from prison.

{¶ 7}  In November 2020, the state filed a motion asking the trial court to issue a nunc pro tunc order modifying the July 14, 1999 judgments in both cases by adding language reflecting its finding and the parties' stipulation that Mr. Todd was a sexual predator under Megan's Law, which occurred at the July 12, 1999 plea hearing.  The trial court denied the state's motion and, albeit for different reasons, this court affirmed that

decision in *State v. Todd*, 2023-Ohio-4847 (10th Dist.) ("*Todd I*"). A majority of the panel found the trial court could not issue a nunc pro tunc entry reflecting the parties' sexual-predator classification stipulation and the trial court's sexual-predator determination made at the July 12, 1999 hearing because a judgment regarding Mr. Todd's Megan's Law classification was never rendered in the first place. *Todd I* at ¶ 24-25, 29. *See also id.* at ¶ 50 (Dorrian, J., concurring).

{¶ 8} As suggested by Judge Dorrian's concurring opinion in *Todd I*, the state subsequently filed a motion on February 9, 2024 asking the trial court to issue a final appealable order finding Mr. Todd to be a sexual predator. *See Todd I* at ¶ 53-57 (Dorrian, J., concurring). The state observed that the parties had already stipulated that Mr. Todd is a sexual predator and, even without that stipulation, the nature and number of Mr. Todd's convictions established by clear and convincing evidence that he is a sexual predator. Mr. Todd opposed the motion, stating his "counsel is no longer stipulating to the finding that Mr. Todd is a sexual predator." (May 9, 2024 Resp. to State's Mot. at 2.) Mr. Todd instead asked the trial court to classify him as a sexually oriented offender and find he is no longer subject to any reporting requirements, as he had already completed the ten-year reporting requirement of a sexually oriented offender under Megan's Law.

{¶ 9} On May 17, 2024, the trial court heard oral arguments from the parties. Following that hearing, the trial court entered a judgment on May 20, 2024 granting the state's motion for a final appealable order and journalizing its finding that Mr. Todd is a sexual predator.

{¶ 10} Mr. Todd timely appealed from that decision and now asserts the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT PERMIT [MR. TODD] TO WITHDRAW A STIPULATION THAT WAS ENTERED INTO TWENTY-FIVE (25) YEARS PRIOR BUT WAS NEVER JOURNALIZED IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

## II. ANALYSIS

{¶ 11} In this appeal, Mr. Todd contends he should have been permitted to withdraw the parties' July 1999 stipulation—entered as part of the plea agreements in both cases—that he "will be found a sexual predator for purposes of [former] § 2950.09, ORC," existing as Megan's Law at that time. (*See* July 1, 2009 Memo Opp. Petition Contesting Reclassification, attached Entry of Guilty Plea at 2.) This is because the trial court failed to memorialize the parties' stipulation and its own oral determination at the July 1999 plea and sentencing hearing that Mr. Todd is a sexual predator in its July 1999 judgment entries.

{¶ 12} We review a trial court's decision granting or denying a party's request to withdraw a stipulation for an abuse of discretion. *Gardner v. Das*, 2024-Ohio-2429, ¶ 20 (10th Dist.), citing *Beagle v. Beagle*, 2008-Ohio-764 (10th Dist.). "[A]buse of discretion connotes that the court's attitude is unreasonable, arbitrary or unconscionable." (Internal quotations omitted.) *State v. Weaver*, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 2020-Ohio-6699, ¶ 19.

{¶ 13} In this case, Mr. Todd was convicted of sexually oriented offenses that occurred in 1997. *See* R.C. 2950.01(A) (defining "sexually oriented offense" to include the offense of rape). For offenses committed at that time, sexually oriented offenders were subject to the classification and registration requirements under Megan's Law, as codified in former R.C. 2950.01 et seq. Enacted in 1996 (and subsequently amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6558), Megan's Law "established a comprehensive system of sex-offender classification and registration that expressly applies retroactively ***regardless of when*** the offender committed the underlying sex offense." (Emphasis added.) *State ex rel. Grant v. Collins*, 2018-Ohio-4281, ¶ 6. That law created three classifications for sexual offenders: sexually oriented offender; habitual sex offender; and sexual predator. *See* former R.C. 2950.09.

{¶ 14} Relevant here, a "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Former R.C. 2950.01(E). A sexual-predator

determination is made by the trial judge, who, after reviewing all of the testimony and considering various factors, "shall determine by clear and convincing evidence whether the offender is a sexual predator." *State v. Blake-Taylor*, 2014-Ohio-3495, ¶ 4 (8th Dist.), citing former R.C. 2950.09(B)(4). *See also Todd I*, 2023-Ohio-4847, at ¶ 5 (10th Dist.).

{¶ 15} Megan's Law required persons convicted of certain listed sexually oriented offenses—and thus, deemed "sexually oriented offenders"—to register their address and annually verify it for ten years. *See, e.g., State v. Bowling*, 2015-Ohio-3123, ¶ 5 (10th Dist.), citing former R.C. 2950.04 through 2950.07. However, sexually oriented offenders found to be a sexual predator were required to register for life with quarterly verification and community notification requirements. *See id.*

{¶ 16} It is well-established that Megan's Law sex-offender classification proceedings are remedial instead of punitive, civil in nature, and not part of the criminal sentence. *See, e.g., State ex rel. Hunter v. Binette*, 2018-Ohio-2681, ¶ 16. Reviewing courts evaluate a sexual-predator classification under the civil manifest weight of the evidence standard: if the judgment is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed. *State v. Wilson*, 2007-Ohio-2202, syllabus.

{¶ 17} In this case, Mr. Todd stipulated at the time of his July 1999 plea that he is a sexual predator under Megan's Law. Further, the original sentencing judge conducted the required hearing and found that Mr. Todd was a sexual predator. However, that finding was not reduced to judgment by journal entry.

{¶ 18} "The fact that the criminal aspects of the case were reduced to a sentence and therefore, provided a final judgment from which to appeal does not alter the fact that the civil portion of the case was not reduced to judgment." *State v. Ronan*, 2007-Ohio-168, ¶ 19 (10th Dist.); *State v. Bell*, 2016-Ohio-7363, ¶ 12-13 (12th Dist.) (holding that attempts to correct a Megan's Law classification are inherently different from attempts to correct a void prison sentence once that sentence is already served because of the civil and remedial nature of a Megan's Law classifications). Because the trial court retained jurisdiction over the civil sexual-predator classification issue, it "remained free to journalize that sex offender classification finding," even after his release from prison, or to "grant a new sex offender classification hearing." *Ronan* at ¶ 16-20.

{¶ 19} It is undisputed that the sexual-predator stipulation was a component of the plea agreement negotiated by the parties in 1999. And Mr. Todd has never sought to withdraw the guilty pleas he entered in either case. It follows, then, that the terms of those plea agreements—***including the sexual-predator stipulation***—remain in full effect today. Permitting Mr. Todd to withdraw but one part of the negotiated plea agreement would run afoul of the precise nature of the package deal the parties agreed to in order to resolve both cases in 1999. And there is no dispute that Mr. Todd understood at that time that he was agreeing to lifetime reporting and registration as a sexual predator under Megan's Law.

{¶ 20} Furthermore, even after noting the stipulation, the original trial court independently reviewed the record before it and found by clear and convincing evidence that Mr. Todd should be classified as a sexual predator under the statutorily enumerated factors. (Tr. at 41-43.) Notably, Mr. Todd does not challenge the propriety of that finding.

{¶ 21} For these reasons, we find that Mr. Todd has failed to show good cause for withdrawing his binding stipulation that, as part of his plea bargain, he was to be classified as a sexual predator under Megan's Law. That Mr. Todd has completed his prison sentence is irrelevant to the imposition of his sexual-predator classification. The very nature of his stipulation to the sexual-predator classification is that it obligates him to register for the rest of his life. *See* former R.C. 2950.07(B)(1); former R.C. 2950.11(A); *State v. Bodyke*, 2010-Ohio-2424, ¶ 26. As such, the trial court did not abuse its discretion in denying Mr. Todd's request to withdraw the stipulation.

{¶ 22} Therefore, we conclude the trial court properly issued an order imposing the civil and remedial sexual-predator classification based on Mr. Todd's stipulation at the time of his plea and the original trial court's independent review of the record. *See, e.g., State v. McGee*, 2018-Ohio-3171, ¶ 14-20 (8th Dist.) (finding the trial court had authority to reimpose the sexual-predator classification from his original sentence, which defendant stipulated to as part of his plea agreement); *State v. Thompson*, 2002-Ohio-6704, ¶ 24-29 (11th Dist.) (notwithstanding "serious concerns" about a trial court's acceptance of a sexual-predator stipulation, finding no prejudice supporting an ineffective assistance of counsel claim because the trial court also independently reviewed the record and found clear and convincing evidence that defendant was a sexual predator); *State v. Wheeler*, 2004-Ohio-

4891, ¶ 13-17 (10th Dist.) (questioning whether the parties, by stipulation, could relieve a trial court of its statutory obligation to find that a sexually oriented offender should be determined to be a sexual predator, but noting issue was not "sufficiently raised and briefed to form the basis for a decision in this case"). Notably, too, Mr. Todd does not challenge the propriety or adequacy of the trial court's independent determination that he is a sexual predator under Megan's Law.

{¶ 23} Mr. Todd also argues that due process and fundamental fairness, as "guaranteed by the United States and Ohio Constitutions," should nonetheless permit him to withdraw the sexual-predator stipulation entered in July 1999 as part of the parties' plea bargain and be reclassified as a sexually oriented offender and no longer subject to registration requirements. (Appellant's Brief at 9-10.) We disagree. As explained above, Mr. Todd's release from prison has no bearing on the trial court's ability to journalize the sexual-predator stipulation entered by the parties and the sexual-predator findings made by the original sentencing court at the July 1999 hearing. The classification requirements inherent in Megan's Law were determined by the Supreme Court of Ohio to be civil and remedial, and, thus, are not a punishment within the defendant's sentence. *See, e.g.*, *State v. Williams*, 2011-Ohio-3374; *State v. Ferguson*, 2008-Ohio-4824; *State v. Raber*, 2012-Ohio-5636. Further, other than invoking abstract notions of due process and fairness, Mr. Todd cites to no legal authority supporting his position that his completion of ten years of registration following his release from prison prevented the trial court from journalizing the sexual-predator classification he **stipulated to** as part of the parties' plea bargain and was independently determined by the original trial court in July 1999.

{¶ 24} Requiring Mr. Todd to adhere to the sexual-predator stipulation entered as part of the plea bargain is consistent with the parties' expectations at the July 1999 plea and sentencing hearing. And, under the law of the case, a majority of this court has already concluded that Mr. Todd had no expectation of finality that could preclude the trial court from journalizing its original July 1999 sexual-predator finding under the non-punitive, civil Megan's Law scheme. *See Todd I*, 2023-Ohio-4847, at ¶ 32-33 (10th Dist.); *id*. at ¶ 47 (Dorrian, J., concurring).

{¶ 25} For all of these reasons, we overrule Mr. Todd's sole assignment of error.

**III. CONCLUSION**

{¶ 26} Having overruled Mr. Todd's sole assignment of error, we affirm the May 20, 2024 judgment of the Franklin County Court of Common Pleas journalizing the original sentencing court's classification of Mr. Todd as a sexual predator under Megan's Law.

*Judgment affirmed.*

LELAND and DINGUS, JJ., concur.