OPINION
{¶ 1} Defendant-appellant, Nationwide Mutual Fire Insurance Company ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee, Linda Spears ("appellee"). For the following reasons, we reverse.
 {¶ 2} On June 17, 2004, appellee filed a complaint against her husband, Robert Spears, Sr., alleging that, on June 23, 2003, he trespassed upon her person, causing her bodily injury. The facts regarding the June 23, 2003 incident are not in dispute. On that date, Mr. Spears, suffering from severe mental illness, violently attacked appellee in their home. Appellee suffered bodily injury and incurred damages for personal injury and wage loss as a result. At the time of the attack, appellee and Mr. Spears had been married for 32 years.
 {¶ 3} Appellee and the guardian for Mr. Spears filed stipulations, in which the parties agreed that, "despite the lack of any intent to harm on the part of [Mr. Spears], his acts of striking [appellee] constituted a trespass to her person." The parties stipulated that the sole remaining issue before the court was the nature and extent of damages suffered by appellee as a result of the trespass.
 {¶ 4} The court issued a judgment entry, granting judgment to appellee on the issue of liability. The court scheduled a damages hearing, which was held on April 5, 2005, before a magistrate. The magistrate issued a decision, awarding damages in the amount of $100,000 to appellee. No objections were submitted, and the court adopted the magistrate's decision on May 2, 2005.
 {¶ 5} Appellee requested from appellant liability coverage for the judgment. At the time of the attack, appellee and Mr. Spears were insured under a Nationwide Golden Blanket Homeowners Policy (the "policy"). Both appellee and Mr. Spears were named insureds under the policy. Appellant denied the claim.
 {¶ 6} On November 1, 2005, pursuant to R.C. 3929.06, appellee filed a supplemental petition against appellant. Appellee alleged that the policy does or ought to provide coverage for the $100,000 judgment she obtained against Mr. Spears and that appellant was in breach of contract for refusing to provide the coverage. Appellee sought a declaration that the policy provided coverage for the incident in question and an award of $100,000 against appellant. The parties filed cross-motions for summary judgment.
 {¶ 7} On June 8, 2006, the trial court issued a decision and entry granting appellee's motion for summary judgment and awarding damages in the amount of $100,000 in favor of appellee and against appellant. Appellant timely appealed and raises the following assignment of error:
 The trial court erred in granting [appellee's] Motion for Summary Judgment and in denying [appellant's] Cross-Motion for Summary Judgment by determining that the "Household Exclusion" in the homeowner's insurance policy issued by [appellant] did not apply to preclude the availability of coverage for Appellee's bodily injury.
 {¶ 8} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. Coventry Twp.v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 9} Pursuant to Civ. R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 10} Here, the only question before the trial court was whether the policy obligated appellant to extend coverage for the $100,000 judgment against Mr. Spears. Courts generally interpret insurance policies by applying rules of contract law. Burris v. Grange Mut. Cos. (1989),46 Ohio St.3d 84, 89, overruled on other grounds, Savoie v. Grange Mut.Ins. Co. (1993), 67 Ohio St.3d 500. If the policy language is susceptible of more than one meaning, a court will construe the language strictly against the insurer and liberally in favor of the insured.Faruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34, 38, citing Buckeye Union Ins. Co. v. Price (1974), 39 Ohio St.2d 95, syllabus. However, a court may not apply the rule of liberal construction to create an ambiguity where the policy language has a plain and ordinary meaning. Karabin v. State Automobile Mut. Ins.Co. (1984), 10 Ohio St.3d 163, 166-167. If a policy's terms are clear and unambiguous, the interpretation of the contract is a matter of law.Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St.3d 321, 322. Thus, we turn to the policy.
 {¶ 11} At Section II — Liability Coverages, Coverage E — Personal Liability, the policy provides: "We will pay damages theinsured is legally obligated to pay due to an occurrence." (Emphasis sic.) For purposes of this appeal, the parties agree that Mr. Spears is an "insured" under the policy, that appellee's injury was the result of an "occurrence" under the policy, and that Mr. Spears is legally obligated to pay the $100,000 damage award.
 {¶ 12} However, at Section II-Exclusions, the policy also contains an exclusion, commonly referred to as a "household exclusion," which provides, in pertinent part:
 2. Coverage E-Personal Liability does not apply to:
* * *
 f. bodily injury to an insured as defined in Definitions 3a and 3b.
(Emphasis sic.)
 {¶ 13} The "DEFINITIONS" section further provides:
 3. "Insured" means you and the following who live in your household:
 a. your relatives.
 b. any other person under age 21 and in the care of you or your relatives.
 Under Section II, "insured" also means:
 c. with respect to covered animals or watercraft, a person or entity legally responsible for them. They must be owned by an insured. A person or entity using or having custody of these animals or watercraft in the course of a business, or without permission of the owner, is not an insured.
 d. With respect to a covered vehicle, a person while engaged in your employment or that of an insured.
(Emphasis sic.)
 {¶ 14} The trial court found that the household exclusion did not exclude appellee from coverage. The court found that the exclusion applied only to bodily injury to an "insured as defined in Definitions 3a and 3b." Disregarding the reference in Definition 3 to "you" as the insured, the court found that subsection 3a refers only to "your relatives" and subsection 3b refers only to any other person under 21 and in your care. Thus, the court concluded, the insured is not excluded from coverage under the household exclusion, and the liability provision obligates appellant to provide coverage.
 {¶ 15} Appellant disagrees with the court's interpretation and argues here that the reference to "Definitions 3a and 3b" in the household exclusion includes the reference to "you," i.e., the insured. We agree.
 {¶ 16} In our view, the reference to "Definitions 3a and 3b" is clear and unambiguous. The policy's reference to "3a and 3b" does not refer simply to subsections "a" and "b" at the exclusion of section "3." Rather, the reference to "Definitions 3a and 3b," as opposed to "Subsections 3a and 3b," clearly contemplates application of the entire definition beginning with "3. `Insured' means you and the following who live in your household[.]" To interpret the exclusion otherwise would ignore the policy's clearest definition of what" `[i]nsured' means[,]" i.e., "you" and "the following[.]"
 {¶ 17} As appellant contends, the Eighth District Court of Appeals interpreted a similar provision in Motorists Mut. Ins. Co. v.Henderson, Cuyahoga App. No. 85557, 2005-Ohio-5148. InHenderson, Motorists Mutual Insurance Company sought a declaration that it had no obligation to pay any claim or judgment arising from the death of a young child at the home of his grandparents, the insureds. The exclusion at issue contained language nearly identical to that at issue here:
 " `Insured' means you and residents of your household who are:
 "a. Your relatives; or
 "b. Other persons under the age of 21 and in the care of any person named above.["]
While the parties agreed that the child met both subsections a and b, i.e., he was a relative and a person under the age of 21 and in the care of someone named in the policy, the question was whether the child also had to be a "resident of the household" in order to qualify as an insured.
 {¶ 18} In contrast to the arguments before us in this case, inHenderson, the insurance company argued that subsections a and b stood alone, that is, the references to relatives and persons under 21, were not qualified by the introductory definition of "[i]nsured" as "you and residents of your household who are[.]" Finding the language of the exclusion clear and unambiguous, the court disagreed. The court stated, in pertinent part:
 * * * The reference to "part a. or b." does not alter the definition of an insured, which includes the resident requirement, but merely restricts the exclusion to an insured within the meaning of these parts as opposed to other subparts of the definition that were not referenced and/or applicable.
Id. at ¶ 14.
 {¶ 19} We agree. In the policy at issue here, the reference to "Definitions 3a and 3b" does not alter the definition of an insured, which includes "you," but merely restricts the exclusion to an insured within the meaning of these subsections as opposed to other subsections of the definition, for example, subsections 3c or 3d, that were not referenced or applicable. Thus, we find that appellee is an "insured" subject to the household exclusion clause, and we sustain appellant's assignment of error.
 {¶ 20} Having sustained appellant's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this case to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
KLATT, P.J., and McGRATH, J., concur.