[Cite as *Benchmark Bank v. Kimberly Office Park, L.L.C.*, 2016-Ohio-8338.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Benchmark Bank, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-770 |
| v. | : | (C.P.C. No. 12CV-14875) |
| Kimberly Office Park, LLC et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellants, | : | |
| First Community Bank et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 22, 2016

**On brief:** *The Law Offices of Jonathan A. Veley, LLC,* and *Jonathan A. Veley,* for Benchmark Bank. **Argued:** *Jonathan A. Veley.*

**On brief:** *Jeffrey L. McClelland,* for receiver Jason Rowland. **Argued:** *Jeffrey L. McClelland.*

**On brief:** *Breen Law,* and *John E. Breen,* for appellants. **Argued:** *John E. Breen.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendants-appellants, John Breen and Kimberly Office Park, LLC ("Kimberly Office," collectively "appellants"), appeal the judgment of the Franklin County Court of Common Pleas in which the trial court struck appellants' third-party complaint against the receiver and approved the receiver's application for approval of fees, final report, and application for discharge and release. For the following reasons, we affirm the judgment.

## I. Facts and Procedural History

{¶ 2} On December 3, 2012, plaintiff-appellee, Benchmark Bank ("Benchmark"), filed a foreclosure action for properties located at 5459-5495 Noe-Bixby Road ("Noe-Bixby Road") and 2289 Courtright Road ("Courtright Road") against Kimberly Office, Breen, First Community Bank, and the Treasurer of Franklin County, alleging that in 2007 Breen and Kimberly Office executed a mortgage note in the original amount of $465,000. The balance on the note was $428,521.85, plus interest. Benchmark alleged that appellants failed to pay the taxes and assessments with respect to the premises securing the note. In lieu of a down payment, Breen had used the property at Courtright Road as additional collateral to secure the loan on the Noe-Bixby Road property. Benchmark claimed appellants also failed to pay real estate taxes with respect to the Courtright Road property, and permitted judgment liens in favor of First Community Bank to attach to that property. In Count 1 of the complaint, Benchmark sought $428,521.85 plus interest and in Count 2 of the complaint, Benchmark sought foreclosure on the mortgaged properties.

{¶ 3} On December 5, 2012, the court issued a cognovit judgment regarding Count 1 of the complaint against appellants for the amount due on the note. The trial court did not rule on Count 2 of the complaint.

{¶ 4} With the complaint, Benchmark filed a motion for appointment of a receiver. After a hearing, the trial court appointed Jason Rowland ("receiver") as receiver of the properties. On December 18, 2012, Benchmark filed an amended complaint. On January 2, 2013, Breen, on behalf of Kimberly Office, filed a motion to vacate the order appointing the receiver and a motion for sanctions. On January 16, 2013, Breen, in his personal capacity and on behalf of Kimberly Office, filed answers to the amended complaint as well as counterclaims.

{¶ 5} Benchmark filed a motion to disqualify Breen as counsel for Kimberly Office on January 3, 2013, contending that Breen would be a necessary witness. Appellants filed a memorandum contra on April 17, 2013, contending that Prof.Cond.R. 3.7 only required Breen's disqualification during any trial on the matter, but not the entire case. On June 25, 2013, the trial court granted the motion and disqualified Breen from representing Kimberly Office in the matter.

{¶ 6}   On March 13, 2013, Benchmark applied to the trial court for approval of a real estate purchase contract for the Courtright Road property.  Kimberly Office filed an objection believing the property was worth more than the proposed contract price.  On April 11, 2013, the trial court, pursuant to an agreed order, found the proposed sale in the best interests of all parties and approved the receiver's application for approval of real estate purchase contract.  The trial court further found appellants' motion to vacate the order approving the receiver moot and appellants' motion for fees and expenses for frivolous conduct against Benchmark moot.  The court clarified the April 11, 2013 agreed order with another agreed order on April 26, 2013.

{¶ 7}   On May 1, 2013, the receiver filed a motion seeking an order from the court confirming the sale of the Courtright Road property.  The trial court confirmed the sale on May 2, 2013 for $540,000.  On September 9, 2013, Benchmark filed a motion for summary judgment on Count 2 of their complaint for foreclosure and on appellants' counterclaim.  The trial court granted the summary judgment motion on October 7, 2013.

{¶ 8}   On March 25, 2014, the receiver filed an application for approval of real estate purchase contract for the Noe-Bixby Road property.  On April 7, 2014, the trial court filed an agreed entry and order which granted the March 25, 2014 application and further provided that: "Defendant Breen be and is hereby granted leave to file a motion with this Court against the Receiver for the Receiver's accountability, if any, arising from his management of the Property which adversely affected the sales price of the Property." (Apr. 7, 2014 Agreed Entry and Order at 2.)

{¶ 9}   The purchaser subsequently refused to buy the property.  On September 4, 2014, the receiver then sought authorization to appoint an auctioneer to sell the property free and clear of liens.  Breen filed a memorandum contra on September 16, 2014.  On October 9, 2014, the trial court granted the receiver's request to appoint an auctioneer and authorizing a public sale free and clear of liens.  The winning bid was $213,150. The receiver filed a motion for an order confirming the sale on December 18, 2014.  Breen did not file a memorandum contra.  The trial court granted the motion and confirmed the sale on January 5, 2015.  Breen did not file a motion against the receiver regarding the receiver's accountability arising from his management of the property.

{¶ 10} The receiver filed an application for approval of fees and a final report and application for discharge and release on May 7, 2015. On May 17, 2015, appellants filed a

third-party complaint against the receiver alleging negligence and negligence per se in that he did not maintain the property, thus rendering the Noe-Bixby Road property virtually worthless. Appellants sought damages in an amount no less than $750,000.

{¶ 11} On June 11, 2015, the receiver filed a motion to strike appellants' third-party complaint against him. Appellants filed a memorandum contra on June 22, 2015. On July 13, 2015, the trial court granted the receiver's 27th application for approval of fees, final report and application for discharge and release. The trial court issued a decision granting the receiver's motion to strike appellants' third-party complaint finding they did not seek leave to file the third-party complaint and, further, that Breen continued to assert arguments on behalf of Kimberly Office after the court had expressly disqualified him from doing so.

{¶ 12} Appellants filed a notice of appeal. In the appellate brief, appellants set forth a "Statement of Issues Presented," but did not separately set forth a statement of the assignments of error presented for review, as required by App.R. 16(A)(3). We will construe those issues as assignments of error.

## II. Assignments of Error

{¶ 13} Appellants assert the following three "issues" which we construe as assignments of error:

> [I.] Did the lower court abuse its discretion in granting the receiver's motion to strike appellants third party complaint against the receiver pursuant to Civ.R. 14(A), and to thereby deny appellants their day in court when there exists very substantial and meritorious evidence of negligence and misconduct by the receiver that have caused appellants significant damage through destruction of their collateral.

> [II.] Did the lower court abuse its discretion in granting the receiver's motion to strike appellants third party complaint against the receiver, pursuant to Civ.R. 14(A), when the Court had expressly approved the filing of a motion against the receiver, deriving from allegations that the receiver destroyed the real estate collateral in connection with the foreclosure process.

> [III.] Did the lower court err, as a matter of law, by violating the fundamental tenet of judicial review in Ohio that cases should be heard on their merits and not dismissed for technical niceties.

These assignments of error are interrelated and we shall address them together as all three raise the issue of whether the trial court abused its discretion in granting the receiver's motion to strike appellants' third-party complaint.

## III. Discussion

{¶ 14} The trial court's granting of a motion to strike is within the sound discretion of the court and will not be overturned unless the court abuses its discretion. *AG Leasing v. Carmel Farms*, 10th Dist. No. 93AP-854 (Dec. 30, 1993). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Civ.R. 14(A) authorizes the use of impleader to bring certain third parties into a lawsuit. It provides in relevant part, as follows:

> **When defendant may bring in third party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he serves his original answer. *Otherwise he must obtain leave on motion upon notice to all parties to the action.* * * * The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial.

(Emphasis added.)

{¶ 16} "Among others, the purpose of Civ.R. 14 is to promote judicial efficiency by avoiding a circuity of actions; to consolidate separate actions that should be tried together; to avoid a duplication of testimony and evidence; and to avoid inconsistent verdicts on identical or similar evidence or testimony." *State ex rel. Jacobs v. Mun. Court of Franklin Cty.*, 30 Ohio St.2d 239, 241 (1972). " 'In order to be the proper subject of a third-party action, the alleged right of the defendant to recover, or the duty allegedly breached by the third-party defendant, must arise from the plaintiff's successful

prosecution of the main action against defendant.' " *Franklin Cty. Dist. Bd. of Health v. Paxson*, 152 Ohio App.3d 193, 2003-Ohio-1331, ¶ 16 (10th Dist.), quoting *Renacci v. Martell*, 91 Ohio App.3d 217, 221 (9th Dist.1993).

{¶ 17} Here, appellants attempted to file a negligence action against the receiver, who was "not a party" to the foreclosure action, but may be liable to appellants "for all or part of the plaintiff's claim against" them. Civ.R. 14(A). Any negligence on the part of the receiver arises out of the transaction that is the subject matter of plaintiff's claim. A receiver "has a personal duty to faithfully discharge his or her duties and to obey the orders of the court. The receiver acts in a fiduciary capacity and must use ordinary care in administering the assets of the corporation. If the receiver exceeds the authority granted by the court or fails to use ordinary care, the general rule is that he or she may be sued in a personal capacity." *INF Ent., Inc. v. Donnellon*, 133 Ohio App.3d 787, 789 (1st Dist.1999). Whether the subject matter is appropriate for a third-party claim is not being disputed here.

{¶ 18} On April 7, 2014, the trial court granted Breen leave to file a motion against the receiver. The trial court provided, as follows:

> Defendant Breen be and is hereby granted *leave to file a motion* with this Court against the Receiver for the Receiver's accountability, if any, arising from his management of the Property which adversely affected the sales price of the Property.

(Emphasis added.) (Agreed Entry and Order at 2.)

{¶ 19} In the order striking appellants' third-party complaint, the trial court acknowledged that appellants had raised the issue of the receiver's liability previously and further acknowledged that it had granted leave to appellants to file a motion addressing the receiver's liability. However, the trial court determined that leave to file a motion was not the equivalent to leave to file a third-party complaint. Further, the trial court stated in its decision that the "leave granted was with respect to a proposed sale of the property that ultimately the buyer refused to perform." (July 13, 2015 Decision and Entry at 4.) Finally, the trial court noted that Breen remained engaged in raising issues on Kimberly Office's behalf even after he had been disqualified from representing Kimberly Office. Indeed, Breen filed the third-party complaint on behalf of himself and Kimberly Office.

{¶ 20} Appellants argue that the facts of this case are similar to those in *PNC Bank, N.A. v. Kidz Real Estate Group, LLC*, 6th Dist. No. L-11-1303, 2013-Ohio-1357.  In *PNC Bank,* PNC Bank National Association filed foreclosure proceedings against Kidz Real Estate Group, LLC ("Kidz"), a real estate investment corporation.  The trial court appointed a receiver.  After the receiver filed a motion for approval of the final receiver's report, Kidz filed an objection to the receiver's motion for discharge and release and filed a motion for leave to file an individual complaint against the receiver.  Kidz alleged that the receiver was negligent by needlessly allowing the condition of the property to deteriorate.  The trial court denied leave to file the complaint.  On appeal, the Sixth District Court of Appeals found the appellant's allegations raised issues as to whether the receiver failed to fulfill the obligations set forth in the appointment orders and whether the receiver breached her fiduciary duties.  The appellate court found both the denial of leave to file the complaint and the refusal to hold an evidentiary hearing constituted an abuse of discretion.  The facts in *PNC Bank* and the case before us differ significantly in that, in *PNC Bank* the appellant sought leave to file a complaint against the receiver, whereas in the case before us, appellants did not.  We do not find *PNC Bank* to be persuasive.

{¶ 21} Given the reasons outlined by the trial court and summarized above, we cannot say that they trial court abused its discretion in striking appellants' third-party complaint.  Accordingly, we overrule appellants' three assignments of error.

## IV. Conclusion

{¶ 22} For the foregoing reasons, we conclude the trial court did not abuse its discretion in granting the motion to strike the third-party complaint.  Appellants' three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
HORTON, J., dissents.

HORTON, J., dissenting.

{¶ 23} The majority found that the trial court did not abuse its discretion in striking appellants' third-party complaint. However, I respectfully dissent because in this case, the trial court expressly granted Breen leave to seek redress against the receiver in its April 7, 2014 order. The trial court provided, as follows:

> **Defendant Breen be and is hereby granted leave to file a motion with this Court against the Receiver for the Receiver's accountability, if any, arising from his management of the Property which adversely affected the sales price of the Property.**

(Apr. 7, 2014 Agreed Entry and Order at 2.)

{¶ 24} However, one-year later, on July 13, 2015, the trial court changed its position and granted Benchmark's motion to strike and found that appellants had not requested leave of court to file their third-party complaint.

{¶ 25} Despite appellants' attempts to properly address the issue after the receiver liquidated the property and the trial court's acknowledgement of appellants' continual issues of the receiver's alleged mishandling of the property, the trial court never gave appellants a chance to be heard on their issues.

{¶ 26} I find the equities expounded by *PNC Bank, N.A. v. Kidz Real Estate Group, LLC*, 6th Dist. No. L-11-1303, 2013-Ohio-1357, to be similarly applicable in the instant case. The distinction the trial court made between appellants filing a motion as opposed to a third-party complaint was of little practical consequence. The trial court denied all other oral and written motions by Breen regarding his complaints against the receiver despite the fact that it had granted Breen's motion for leave as noted above. Consequently, I see no reason a motion for leave to file a third-party complaint would have made any difference.

{¶ 27} The note appellants signed was for $465,000. Appellants allege the Noe-Bixby property was listed for sale at $550,000 at the time of seizure. The Noe-Bixby property later sold at less than half of its value at $213,150. The receiver was responsible for the maintenance of the property for close to two years. Accordingly, I believe the trial court abused its discretion in failing to address appellants' issues through a motion or complaint.

————————————