[Cite as *Zinsmeister v. Ohm*, 2022-Ohio-4787.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas Zinsmeister, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-684 |
| v. | : | (C.P.C. No. 19CV-6970) |
| Stephen Ohm et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 30, 2022

**On brief:** *Thomas Zinsmeister*, pro se.

**On brief:** *Kevin W. Popham.* **Argued:** *Kevin W. Popham.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Thomas Zinsmeister, appeals from the decision of the Franklin County Court of Common pleas granting the motion of defendant-appellee, Stephen Ohm, to enforce the settlement agreement between the parties. Because Mr. Zinsmeister provides no basis for avoiding the agreement, we will affirm the trial court's ruling.

I. **Factual and Procedural History**

{¶ 2} Mr. Zinsmeister filed a complaint alleging a negligence claim against Mr. Ohm on August 27, 2019. He alleged that Mr. Ohm was driving a vehicle that struck him while riding a bike in a roundabout in New Albany, Ohio, causing injury. (Aug. 27, 2019 Compl. at ¶ 1-7.) The parties proceeded to mediation. On March 26, 2021, Mr. Zinsmeister and his attorney each replied to an email from the mediator and confirmed their acceptance of the proposed settlement terms. (Ex. A to Aug. 9, 2021 Mot. to Enforce

Settlement Agreement.)  Mr. Zinsmeister subsequently executed a "Full and Final Release of all Claims" arising out of the collision.  (Ex. B to Aug. 9, 2021 Mot. to Enforce Settlement Agreement.)

{¶ 3}  On August 9, 2021, Mr. Ohm filed a motion to enforce the settlement agreement.  Mr. Ohm stated that Mr. Zinsmeister refused to sign a dismissal of all claims and that he "disagrees with and seeks to void the settlement." (Aug. 9, 2021 Mot. to Enforce Settlement Agreement at 2.)

{¶ 4}  Mr. Zinsmeister's counsel then filed a motion to withdraw as counsel, which the court granted.  (Sept. 2, 2021 Order.)  Mr. Zinsmeister filed several affidavits stating that he had been "disoriented and confused" during his deposition, and that he had been "railroaded into signing a settlement agreement" after the mediation.  (Nov. 2, 2021 Aff.) He criticized the quality of his attorney's representation during the mediation and claimed that the doctor performing a defense-ordered mental examination had exacerbated his concussion symptoms and manipulated test results.  *Id.*

{¶ 5}  The trial court granted Mr. Ohm's motion to enforce the settlement agreement.  It noted that "the existence and terms of a settlement agreement are not in dispute."  (Nov. 19, 2021 Decision & Entry at 1.)  Notwithstanding Mr. Zinsmeister's assertions that "events prior to the signing of the settlement agreement caused him mental distress and he was unable to fully appreciate the terms of the agreement," the trial court found that the agreement was enforceable.  *Id.*  It noted that Mr. Zinsmeister "was represented by counsel and had an opportunity to review and consider the terms of the settlement agreement before signing, there was no evidence of "fraud, misrepresentation or duress," and that "dissatisfaction with the settlement amount is not grounds to void the settlement." *Id.* at 2.

{¶ 6}  Mr. Zinsmeister appealed and asserts the following assignments of error:

> [I.] The appellate court [sic] erred and abused its discretion on [sic] defining when the dollar value of the settlement amount became enforceable.  Counter to claims in the court's findings of the August 9, 2021 Motion to Enforce Settlement, the appellant did not have the opportunity to discuss terms with counsel to fully appreciate the terms of the agreement before sending the email.

[II.] The appellate court [sic] erred and abused its discretion by failing to consider the cognitive state of the appellant at the time of mediation, sending the email confirmation and signing the agreement. The appellant's mental state also negatively impacted his cognitive abilities while participating in the day-long deposition and defense sponsored neuropsychological testing.

[III.] The appellate court erred and abused its discretion by failing to recognize the impact of the purposeful disruptive efforts by the doctor administering the neuropsychological testing sponsored for the defense. At the beginning of the neuropsychological testing on March 27, 2021, the doctor stated that an independent University of Cincinnati neuropsychological testing results [sic] were inadmissible to the court as determined by Nationwide. The doctor went on [to] state "this setback is devastating to your [appellant's] case.["]

(Appellant's Brief at 4-5.)

{¶ 7} As an initial matter, we note that none of Mr. Zinsmeister's assignments of error contain the required "reference to the place in the record where each error is reflected," as required by App.R. 16(A)(3). Instead, each one contains arguments that should instead be presented in the argument section of his brief. *See* App.R. 16(A)(7) (stating that an appellate brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.") We will construe the assignments of error as one that asserts that the trial court erred by granting the motion to enforce the settlement agreement. *See, e.g., Benchmark Bank v. Kimberly Office Park, LLC*, 10th Dist. No. 15AP-770, 2016-Ohio-8338, ¶ 12 (construing "issues as assignments of error" where appellant failed to properly assert error).

## II. Standard of Review

{¶ 8} When reviewing a trial court's decision on a motion to enforce a settlement agreement, "because the issue is a question of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson*, 74 Ohio St.3d 501, 502 (1996). Thus, we must determine "whether the trial

court erred as a matter of law in dismissing the motion to enforce the settlement agreement." *Ferguson* at 502. In addition, if there is an evidentiary issue in dispute, "[i]t is within the sound discretion of the trial court to enforce a settlement agreement and this court has no authority to set aside the judgment of the trial court where the record contains some competent, credible evidence to support its decision regarding the settlement." *Associated Estates Realty Corp. v. Roselle*, 10th Dist. No. 98AP-1133, 1999 Ohio App. LEXIS 2831, at *9 (June 22, 1999).

### III. Analysis

{¶ 9} "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Id.* "The result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997), citing *Noroski v. Fallet*, 2 Ohio St.3d 77 (1982).

{¶ 10} In the argument section of Mr. Zinsmeister's brief, he appears to concede that he entered into an enforceable contract, stating: "The email confirmation immediately following mediation [was sent] before the opportunity to discuss terms of the agreement with [his] lawyer *is a contract*." (Emphasis added.) (Appellant's Brief at 15.) Mr. Zinsmeister may not repudiate the contract he entered into. "It is clear that when parties agree to settlement, this agreement cannot be subsequently repudiated by either party, and that a trial court has the authority to sign a journal entry reflecting the settlement agreement reached between the parties and to enforce that settlement." *Commercial & Indus. Maintenance Co. v. Cincinnati Ins. Co.*, 10th Dist. No. 91AP-471, 1991 Ohio App. LEXIS 4190, at *8 (Sept. 5, 1991), citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 39 (1972). Furthermore, "a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the court." *Spercel* at 39.

{¶ 11} Mr. Zinsmeister also argues that the settlement should not be enforced because he "did not have the opportunity to discuss the remaining terms of the agreement" with his attorney before agreeing to its terms. (Appellant's Brief at 16.) However, "neither

a change of heart nor poor legal advice is a ground to set aside a settlement agreement." *Walther v. Walther*, 102 Ohio App.3d 378, 383 (1st Dist.1995).

{¶ 12} The record is clear that the parties entered into a contract. The mediator emailed Mr. Zinsmeister and his attorney on March 26, 2021, stating: "We have settled this case to day at mediation in the amount of [REDACTED]. Plaintiff to pay all liens. Defendant to pay court costs. Please acknowledge acceptance of these terms. Money to be paid in 30 days." (Sic.) (Ex. A to Aug. 9, 2021 Mot. to Enforce Settlement Agreement.) Mr. Zinsmeister and his attorney each replied from their individual email accounts with the words "I agree," followed by their names, within minutes. *Id.* The acceptance was clear and unambiguous. The trial court did not err by ruling that the parties had entered into an enforceable settlement agreement. This exchange also contradicts Mr. Zinsmeister's assertion that he "did not have the opportunity to discuss the remaining terms" with counsel to fully appreciate the terms of the agreement before sending the email. (Appellant's Brief at 16.) It is evident that the opportunity was there and that the material terms had been communicated to Mr. Zinsmeister and his attorney before acceptance.

{¶ 13} The trial court also properly rejected Mr. Zinsmeister's attempts to claim the settlement agreement was void because of duress or coercion. "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 246 (1990). Mr. Zinsmeister fails to cite to any portion of the record that provides evidentiary support for his claim of duress. Even if we accept his claims at face value, and the assertions of his affidavit and his briefing, his accusations are all directed at the doctor who examined him, and "are not the fault of the other party." *Blodgett* at 246. Furthermore, his claim that Mr. Ohm's attorney "continued to badger [him] to sign the agreement without the opportunity to review the terms of the settlement" is inconsistent with his email to the mediator accepting the terms of the settlement. He had the opportunity but chose to reply within minutes to the mediator's email.

{¶ 14} For the foregoing reasons, the trial court did not err when granting the motion to enforce the settlement agreement. Accordingly, Mr. Zinsmeister's assignments

of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and McGRATH, JJ., concur.

_____