[Cite as *Gardner v. Das*, 2024-Ohio-2429.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tina Gardner,                                    :

      Plaintiff-Appellant,               :              No. 23AP-497
                                                                (C.P.C. No. 19CV-5700)
v.                                               :
                                                              (REGULAR CALENDAR)
Penelope Das,                                    :

      Defendant-Appellee.               :

---

D E C I S I O N

Rendered on June 25, 2024

---

**On brief:** *The Fitch Law Firm, LLC*, and *John K. Fitch*, for
appellant. **Argued:** *John K. Fitch.*

**On brief:** *Gallagher*, *Gams*, *Tallan*, *Barnes*, & *Littrell*,
*L.L.P.*, and *Mitchell M. Tallan*, for appellee. **Argued:**
*Mitchell M. Tallan.*

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Tina Gardner, appeals from a decision of the Franklin
County Court of Common Pleas granting judgment in favor of defendant-appellee,
Penelope Das. For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On the evening of December 30, 2018, Gardner was walking on a path
alongside a street on her way home. At the same time, Das and her husband were in a
vehicle traveling eastbound on the street adjacent to the path.

{¶ 3} Das made a left-hand turn onto another street just as Gardner was walking
across the street, and Das' vehicle struck Gardner.

{¶ 4} It was dark, and the street lighting around the intersection was poor. There was no marked crosswalk.

{¶ 5} Das travelled to India after the accident and planned to return to Ohio in May 2020. The COVID-19 pandemic initially delayed her return and then she was diagnosed with stage three multiple myeloma, which further delayed her return.

{¶ 6} On July 15, 2019, Gardner filed a lawsuit against Das alleging negligence and claiming bodily injury.

{¶ 7} On April 13, 2021, after Das' health prevented her from traveling or giving a deposition, her counsel sent a letter to Gardner's counsel stipulating to liability and offering to settle the case. The stipulation was accepted but not presented to the court or filed with the clerk's office. The offer to settle was rejected.

{¶ 8} After Das' condition improved and she could participate in the trial, she filed a motion to rescind the stipulation on June 17, 2022. Gardner responded in opposition on July 15, 2022. The trial court conducted a hearing and determined that there was no stipulation and granted the motion to rescind on August 23, 2022.

{¶ 9} A jury trial commenced on November 28, 2022, and a verdict was returned in favor of Das on the issue of liability. The jury found Gardner to be 65 percent negligent and Das 35 percent negligent.

{¶ 10} Gardner now brings the instant appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Gardner assigns the following as trial court errors:

> 1. The trial court erred to the prejudice of Appellant Tina Gardner in granting Appellee Penelope Das' Motion to Rescind Stipulation in its Decision and Entry filed on August 23, 2022.

> 2. The trial court erred to the prejudice of Appellant Tina Gardner by considering an argument neither party asserted in violation of the party-presentation rule.

## III. STANDARD OF REVIEW

{¶ 12} "A trial court's decision with regard to granting or denying relief from a stipulation will not be interfered with on appeal except where the trial court has been guilty of manifest abuse of discretion." *Crow v. Nationwide Mut. Ins. Co.*, 159 Ohio App.3d 417, 2004-Ohio-7117, ¶ 20 (5th Dist.).

{¶ 13} An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

{¶ 14} Gardner argues as her first assignment of error that the trial court erred by granting Das' motion to rescind the stipulation. Gardner asserts that the stipulation is a partial settlement as opposed to a stipulation of fact, and this matter is a question of contract law instead of a question of fact. We disagree.

{¶ 15} A stipulation is a voluntary agreement between parties regarding undisputed facts. *State v. Dowd*, 8th Dist. No. 80990, 2002-Ohio-7061. A stipulation of fact serves as a substitute for the evidence which a party would otherwise have to adduce in open court. *Shupe v. Media Distribs. L.L.C.*, 10th Dist. No. 11AP-336, 2012-Ohio-325.

{¶ 16} Parties may stipulate to any fact, "even if that stipulation assists or undercuts his/her cause." *Sherman v. Sherman*, 10th Dist. No. 05AP-757, 2006-Ohio-2309, ¶ 11. However, a stipulation to a question of law does not bind the trial court. *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286 (10th Dist.).

{¶ 17} A stipulation must be filed and presented to the trial court for adoption. The agreement remains a nullity until it is filed and accepted by the court, and only then becomes binding, and cannot be unilaterally retracted or withdrawn. *Sammor v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-20, 2009-Ohio-3439. Even though there is no specific requirement that a stipulation be made in a particular manner, it must be memorialized before a judge. *B.J. Alan Co. v. Andrews*, 7th Dist. No. 10 MA 87, 2011-Ohio-5165. Failure to do so renders the agreement void. *Id.*

{¶ 18} A stipulation of fact, once accepted and adopted by the trial court, "is a fact deemed adjudicated for purposes of determining the remaining issues in the case." *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 742 (10th Dist.1998). Parties are bound to all matters of fact and law in a stipulation, and one party may not, without consent to the other, be permitted to withdraw from the stipulations without leave of court upon good cause shown. *Dublin v. Friedman*, 10th Dist. No. 16AP-516, 2017-Ohio-9127.

{¶ 19} A trial court is not required to accept an offered stipulation. *Rose v. Rose*, 10th Dist. No. 96APF09-1150, 1997 Ohio App. LEXIS 1235 (Mar. 31, 1997). A stipulation, like any other evidence, "is admissible at the discretion of the court." *State v. Jewell*, 4th Dist. No. 94 CA 04, 1995 Ohio App. LEXIS 288, *9 (Jan. 24, 1995).

{¶ 20} Once a trial court accepts a stipulation, it is generally required to abide by it. However, a trial court has broad discretion to grant or deny a party's request to withdraw or rescind a stipulation. *Beagle v. Beagle*, 10th Dist. No. 07AP-494, 2008-Ohio-764.

{¶ 21} Gardner contends that the stipulation must be treated as a partial settlement because it settles a claim or controversy instead of a fact. She argues the court erred in treating the agreement as a traditional stipulation and not applying contract law principles.

{¶ 22} A stipulation is "sometimes used synonymously with 'contract.' " (Further quotation and citation omitted.) *Ward v. Ward*, 5th Dist. No. 15-CA-33, 2016-Ohio-5178, ¶ 26. Because they are voluntary agreements, they are subject to principles of contract law, and like settlement agreements, should be interpreted to carry out the intent of the parties. *Haverdick v. Haverdick*, 11th Dist. No. 2012-T-0085, 2013-Ohio-4303. Stipulations and settlement agreements are each a particularized form of a contract, and basic contract law principles apply. *Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997).

{¶ 23} The trial court construes the written stipulations and agreements of the parties using traditional contract principles. *Hobbs v. Pickaway-Ross Career & Technology Ctr. Bd. of Edn.*, 4th Dist. No. 21CA3746, 2022-Ohio-921, ¶ 16. Applying rules of contract law, if a stipulation or settlement agreement only has one plain and ordinary meaning, there is no need for further interpretation or construction. *Spears v. Spears*, 10th Dist. No. 06AP-705, 2006-Ohio-6747. "If a stipulation's language is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Sulfridge v. Piatt*, 4th Dist. No. 00CA695, 2001 Ohio App. LEXIS 6069 (Dec. 26, 2001) (trial court reviewed a filed stipulation as to liability using contract principals to determine if the language was clear and unambiguous).

{¶ 24} Settlement agreements and stipulations share other contract principles. "[A] settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the court." *Zinmeister v. Ohm*, 10th Dist. No. 21AP-684, 2022-Ohio-4787, ¶ 10. However, a party may file a motion to rescind a

settlement agreement or a stipulation. *U.S. Bank N.A. v. Clarke,* 2d Dist. No. 2023-CA-29, 2024-Ohio-278.

{¶ 25} Gardner cites caselaw in support of characterizing the stipulation as a settlement agreement, but it is unpersuasive and only highlights the similar treatment of stipulations and settlement agreements. In *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36 (1972), the parties and counsel entered into a settlement agreement of the entire case, not a stipulation, in the presence of the judge. The Supreme Court of Ohio found that "a settlement agreement entered into between the parties in the presence of the court constitutes a binding contract, even though not reduced to writing," and a party must file a motion to withdraw from the agreement. *Id.* at 40.

{¶ 26} The stipulations in *Briarfield of Cortland, Inc. v. State Certificate of Need Rev. Bd.*, 10th Dist. No. 92AP-1611, 1993 Ohio App. LEXIS 4047 (Aug. 17, 1993) were jointly filed by the parties in a statutory proceeding before a state review board, but were mischaracterized as a settlement agreement in the board's order. This court found that the board properly proceeded on the stipulations and the language " 'pursuant to the terms of the agreement as filed with the board,' does not procedurally detract from the action being upon stipulations of fact rather than merely upon a settlement agreement." *Id.* at 14.

{¶ 27} In *Raniola v. Edward J. DeBartolo Corp.*, 7th Dist. No. 99 C.A. 40, 2000 Ohio App. LEXIS 5131 (Nov. 3, 2000), the court addressed a filed stipulation regarding the payment of a medical bill the defendant argued constituted a double penalty. The trial court reviewed the stipulation in the same light as a settlement agreement to determine if the language is clear and unambiguous, citing the *Spercel* case, and determined that the stipulation, while not perfectly clear, is enforceable and does not amount to a double penalty. *Id.*

{¶ 28} While contract law is applied to stipulations and settlement agreements, they are not the same. Gardner has not directed us to any precedent that suggests a stipulation should be treated as a settlement agreement, nor what the distinction would be. A stipulation cannot morph into a settlement agreement simply because it resolves liability as a contested issue. The only settlement agreement in this case was clearly rejected.

{¶ 29} A trial court that accepts a stipulation retains broad discretion to grant a party relief from the stipulation. *Marysville Newspapers, Inc. v. Delaware Gazette Co., Inc.*, 3d

Dist. No. 14-06-34, 2007-Ohio-4365. In reviewing the motion to rescind, the court first rejected Das' argument that stipulations were analogous to matters deemed admitted, pursuant to Civ.R. 36, because of an untimely response and may be amended or even withdrawn.

{¶ 30} The court then acknowledged that there was no stipulation made on the record in open court and no written stipulation was filed with the court. Because it was never reduced to writing and presented to the trial court for acceptance, and the trial court found the April 13, 2021 letter did not result in a stipulation. *Reichers v. Biats*, 9th Dist. No. 25248, 2010-Ohio-6448 (plaintiff's counsel had a signed stipulation but never filed it or proffered it into evidence and thereby failed to preserve the issue for appellate review).

{¶ 31} In the alternative, the trial court found that, even if there was a valid stipulation, good cause existed to rescind the stipulation without resulting in undue prejudice to Gardner.

{¶ 32} Gardner points to no obvious error below, and her first assignment of error is overruled.

{¶ 33} Gardner contends in her second assignment of error that the party-presentation rule, which requires litigants, and not the court, to frame the issues, prohibits the trial court from using a different legal test on the withdrawal of stipulations.

{¶ 34} The trial court did not apply a different legal test in considering Das' motion to withdraw the stipulation. The trial court found that because the stipulation had not been presented to the court for acceptance, there was no stipulation. *State ex rel. Am. Outdoor Advertising Co., L.L.C. v. Abell*, 11th Dist. No. 2008-P-0073, 2010-Ohio-319. The court correctly determined that, according to established precedent, there was no stipulation.

{¶ 35} The trial court did not impermissibly intervene on Das' behalf and make an unwarranted finding that there was no stipulation. The parties presented claims, defenses, and supporting arguments regarding the stipulation, and the court found there was no stipulation. The trial court addressed the issue placed before it.

{¶ 36} Gardner's second assignment of error is overruled.

## V.  CONCLUSION

{¶ 37} Based on the foregoing reasons, the trial court did not err in granting Das' motion to rescind the stipulation.  Having overruled Gardner's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., and BOGGS, J., concur.

————————————